70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sergio JARAMILLO-GONZALEZ; Adoracion Jaramillo-Sito;
Kathryn Sue Jaramillo-Sito; Karlo Sergio
Jaramillo-Sito, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70860.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 22, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Jaramillo-Gonzalez ("Jaramillo"), Adoracion Jaramillo-Sito, and their two minor children, natives and citizens of the Philippines, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h). After a de novo review of the record, the BIA determined that Jaramillo's past harm and future fears were not on account of any of the five statutory grounds for refugee status, and dismissed the appeal. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we grant the petition for review.
 
 
 3
 We review the factual findings underlying the BIA's determination for substantial evidence. Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995). Questions of law, such as "the application of established legal principles to undisputed facts," are reviewed de novo. Id.; accord Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992).
 
 
 4
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Singh, 63 F.3d at 1505. To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm, and must show that this subjective fear is objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The objective component can be satisfied by specific documentary evidence or by an applicant's credible and persuasive testimony. See Singh, 63 F.3d at 1506; Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). To qualify for withholding of deportation, an applicant must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); INS v. Stevic, 467 U.S. 407, 430 (1984); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Jaramillo, his wife Adoracion, and their then eleven-year-old daughter Kathryn, presented testimonial evidence deemed credible, consistent, and persuasive by the IJ, during their joint deportation hearing. Because the BIA did not disturb the IJ's positive credibility finding, we accept the testimony as undisputed. See Singh, 63 F.3d at 1506.
 
 
 6
 Jaramillo testified that beginning in 1982, he was threatened and forced to pay taxes to the New People's Army ("NPA"), the military wing of the Communist Party. Jaramillo and Adoracion testified that they were known supporters of former president Ferdinand Marcos, and that both of them participated in campaign rallies and other election-related activities, and donated money to support Marcos's party.
 
 
 7
 Adoracion testified that on October 7, 1985, NPA gunmen went to Jaramillo's home and shot their dog when Adoracion refused to reveal Jaramillo's whereabouts. The gunmen threatened that the family would be harmed if Jaramillo continued his activities in support of Marcos. Jaramillo, Adoracion, and Kathryn testified that on October 31, 1985, a grenade was thrown into their home, destroying part of the residence. Jaramillo believes that the NPA launched the grenade because he refused to discontinue his support for Marcos. The Jaramillo family hid with various relatives until their departure from the Philippines in 1987.
 
 
 8
 The BIA dismissed Jaramillo's appeal holding that the threats that Jaramillo and his family faced from the NPA were "purely extortion, a criminal matter, and not based on any social group or political opinion." The BIA also noted that political turmoil and random violence do not establish eligibility for refugee status.
 
 
 9
 Here, however, Jaramillo and Adoracion testified that they were politically active supporters of Marcos, and that they were easily identified as such. Moreover, members of the NPA not only extorted money from them, but explicitly threatened to harm the family if Jaramillo continued his political activities in support of Marcos. When Jaramillo refused to comply with the NPA's demands, the NPA shot his dog and launched a grenade at his home. Jaramillo and Adoracion's credible testimony provides sufficient evidence to show that the NPA's actions were motivated, at least in part, by their political opinions.
 
 
 10
 Accordingly, the BIA erred by determining that Jaramillo's past harm and future fears are not on account of political opinion. See id. at 1509 (recognizing that persecutors may have multiple motives, and so long as one of the motives is based on a statutory ground, the requirements are satisfied). We grant the petition for review and remand to the BIA to determine Jaramillo's eligibility for asylum and withholding of deportation on account of political opinion.[1]
 
 
 11
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We lack jurisdiction to address Jaramillo's contention that he is a United States citizen by descent because he failed to exhaust his administrative remedies with regard to this issue. See 8 U.S.C. Sec. 1105a(c); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)
 Jaramillo's motion to suspend these proceedings pending resolution of his motion to reopen before the BIA is denied as moot.